UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RALPH KELLY HAWTHORNE, JR., | ) Case No.: 1:13-cv-00876-LJO-BAM PC |
| Plaintiff, | ) ORDER DENYING PLAINTIFF'S MOTION FOR COURT ORDER |
| v. | ) |
| UNKNOWN, et al., | ) (ECF No. 8) |
| Defendants. | ) |

### I.    Background

Plaintiff Ralph Kelly Hawthorne ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff initiated this action on January 24, 2013, in the Northern District of California. The action was transferred to this Court on June 11, 2013.

On June 20, 2013, Plaintiff filed a motion requesting that the Court order the law librarian at Avenal State Prison, S. Killen, to make copies of his legal documents. Plaintiff complains that the law librarian refuses to copy court documents over 50 pages. Plaintiff also requests that the Court order the Warden, C. Wofford, and the law library supervisors, to make copies of all of his legal and court documents and provide him with writing paper, pens and envelopes with first class postage. (ECF No. 8.) Plaintiff's request is a form of injunctive relief.

1

On March 20, 2014, the Court dismissed Plaintiff's complaint for failure to state a claim and granted him leave to amend within thirty days. (ECF No. 25.)

Plaintiff's motion for preliminary injunctive relief is now before the Court for resolution.

**II.     Discussion**

"A preliminary injunction is an extraordinary remedy never awarded as of right." Winter v. Natural Resources Defense Council, Inc., 555 U.S. 7, 24, 129 S.Ct. 365, 376, 172 L.Ed.2d 249 (2008) (citation omitted). "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." Id. at 20 (citations omitted). An injunction may only be awarded upon a clear showing that the plaintiff is entitled to relief. Id. at 22 (citation omitted).

Federal courts are courts of limited jurisdiction, and as a preliminary matter, the court must have before it an actual case or controversy. City of Los Angeles v. Lyons, 461 U.S. 95, 102, 103 S.Ct. 1660, 1665, 75 L.Ed.2d 675 (1983); Valley Forge Christian Coll. v. Ams. United for Separation of Church and State, Inc., 454 U.S. 464, 471, 102 S.Ct. 752, 757-58, 70 L.Ed.2d 700 (1982). If the court does not have an actual case or controversy before it, it has no power to hear the matter in question. Id. Thus, "[a] federal court may issue an injunction [only] if it has personal jurisdiction over the parties and subject matter jurisdiction over the claim; it may not attempt to determine the rights of persons not before the court." Zepeda v. United States Immigration and Naturalization Serv., 753 F.2d 719, 727 (9th Cir.1985).

As noted above, Plaintiff's complaint failed to state any cognizable claims for relief and his complaint has been dismissed with leave to amend. Plaintiff has been granted thirty days to file an amended complaint. (ECF No. 25.) Given the absence of an operative complaint in this action, the Court currently does not have an actual case or controversy before it and does not have jurisdiction over any Avenal State Prison officials. In other words, the Court does not have the authority in this action to order prison officials to make him copies or to provide him with legal supplies because there is no complaint on file. Accordingly, Plaintiff's motion for preliminary injunctive relief shall be denied as moot.

**III.    Conclusion and Order**

Based on the above, IT IS HEREBY ORDERED that Plaintiff's motion requesting a court order directing Avenal State Prison administrators to make copies of documents and provide him with writing and mail supplies is DENIED as moot.

IT IS SO ORDERED.

Dated:   **March 20, 2014**            /s/ Barbara A. McAuliffe
                                       UNITED STATES MAGISTRATE JUDGE